# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 10:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse W. Carfield, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | January 31, 2020 <br><br> Court of Appeals Case No. 19A-CR-2073 <br><br> Appeal from the Dearborn Superior Court <br><br> The Honorable Sally A. McLaughlin, Judge <br><br> Trial Court Cause No. 15D02-1904-F6-134 |

**Pyle, Judge.**

# Statement of the Case

Jesse Carfield ("Carfield") appeals the three-and-one-half-year aggregate sentence imposed after he pled guilty to Level 6 felony residential entry[1] and Class A misdemeanor operating while suspended with a prior unrelated violation.[2] He argues that his sentence is inappropriate in light of his character and the nature of his offenses. Concluding that the sentence is not inappropriate, we affirm Carfield's sentence.

We affirm.

# Issue

Whether Carfield's sentence is inappropriate in light of the nature of his offense and his character.

# Facts

In July 2019, Carfield pled guilty to Level 6 felony residential entry for breaking and entering the Wyatt family's home. He also pled guilty to Class A misdemeanor operating while suspended with a prior unrelated violation. This charge was based on Carfield's operation of a vehicle while knowing that his

---

[1] IND. CODE § 35-43-2-1.5.

[2] IND. CODE § 9-24-19-2.

driving privileges had been suspended or revoked less than ten years after judgement was entered against him for a prior unrelated violation.

[2] At his sentencing hearing, Carfield explained his residential entry offense, which he committed in the afternoon, to the trial court as follows:

> When I was a young boy, my mom passed away of cancer and she told me my father wasn't our father so I was out there trying to find out who my real family is; cause my family has really nothing to do with me and they always called my Jesse Wyatt as a kid. So, here I'm thinking out driving, I love singing music, playing music, and I was out driving on Stamper Road one night and I seen a mailbox that said Wyatt on it. It's no excuse for me even being there I just stopped there to check and see if it was a family. I knocked on the doors, I was there the night before and nobody (indiscernible) so I went back the next day to see who it was and there was a blue turtle shell on their porch. I do art, I draw real good, and it just caught my eye this little art sculpture, this little blue turtle shell, I picked it up and their house keys were under it. I just thought it was a house that was inherited to me and so I (indiscernible) very, very apologized I walked into their house.

(Tr. 11).

[3] Carl Wyatt ("Wyatt"), who works the third shift, testified that he had been asleep the afternoon that Carfield entered his house. Wyatt's wife had just gotten out of the shower when she saw Carfield standing in the hallway. She yelled to her husband, who grabbed his gun and ran into the hallway. He repeatedly told Carfield to leave the house, but Carfield did not leave until Wyatt threatened to shoot him. Carfield then walked outside and got into his

car.  However, instead of leaving, Carfield parked his car by the Wyatts' barn in an area that was hidden from both the road and neighbors.

[4] Carfield's pre-sentence investigation report revealed that Carfield has an extensive legal history that includes four felony convictions, including three for theft.  Carfield also has six misdemeanor convictions, including convictions for driving while suspended and driving without a license.  In addition, Carfield has violated probation numerous times.

[5] When sentencing Carfield, the trial court noted that Carfield's "explanation that he went into the home because the last name on the mailbox was the alleged name of his father, who he knew nothing about including, what his first name was, [wa]s illogical." (Tr. 31-32).  The trial court also pointed out this was Carfield's "fourth conviction for Driving Without a License indicating that [Carfield] w[ould] unlikely follow the law in not driving when suspended or no license in the future." (Tr. 32).  In addition, the trial court noted that Carfield's "history of probation violations and home detention violations [was] such that [Carfield] was unlikely to respond positively to probation or community correction programs and that community safety [was] best protected in this case through incarceration." (Tr. 32).

[6] Thereafter, the trial court sentenced Carfield to two-and-one-half (2½) years for the Level 6 felony residential entry conviction and one (1) year for the Class A misdemeanor operating while suspended conviction.  The trial court ordered

the sentences to run consecutively to each other for a total executed sentence of three-and-one-half (3½) years.

[7] Carfield now appeals his sentence.

# Decision

[8] Carfield argues that his three-and-one-half-year sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[1] The Indiana Supreme Court has further explained that "[s]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Id.* at 1222. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[2] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. The sentencing range for a Level 6 felony is six (6) months and two and one-half (2.5) years, and the advisory sentence is one (1) year. IND. CODE § 35-50-2-7. The maximum sentence for a Class A misdemeanor is one year. I.C. § 35-50-3-2. Here, the trial court sentenced Carfield to the maximum sentence for each offense and ordered the sentences to run consecutively to each other, for a total executed sentence of three and one-half years.

[3] Regarding the nature of the offense, we note that Carfield entered the Wyatts' home in the middle of the day when Wyatt was sleeping, and his wife was getting out of the shower. Carfield refused to leave the Wyatts' house until Wyatt threatened to shoot him. When Carfield finally left the house, he did not leave the property. Rather, he pulled his car into an area next to the Wyatts' barn that was hidden from both the road and the neighbors.

[4] Regarding Carfield's character, we note that Carfield has an extensive legal history that includes four felony convictions, including three for theft. Carfield also has six misdemeanor convictions, including convictions for driving while suspended and driving without a license. Carfield has also violated probation numerous times. Clearly, Carfield's former contacts with the law have not caused him to reform himself. *See Jenkins v. State*, 909 N.E.2d 1080, 1086 (Ind. Ct. App. 2009), *trans. denied*.

[5]     Based on the nature of the offense and his character, Carfield has failed to meet his burden to persuade this Court that his three-and-one-half-year sentence is inappropriate.

[6]     Affirmed.

May, J. and Crone, J., concur.